IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DENVER HOLLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:24-CV-06094-DGK |
| | ) | |
| GMRI, INC., | ) | |
| d/b/a Longhorn Steakhouse, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DARDEN RESTAURANTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

This lawsuit arises from Plaintiff Denver Holloway's allegations that she was subjected to sexual harassment and retaliation in violation of the Missouri Human Rights Act ("MHRA") while working at a LongHorn Steakhouse in Kansas City, Missouri. Defendant GMRI, Inc. ("GMRI") operates the LongHorn Steakhouse in question. Defendant Darden Restaurants, Inc. ("Darden") is GMRI's corporate parent.

Now before the Court is Darden's Motion to Dismiss for Lack of Personal Jurisdiction. ECF No. 9. The motion is GRANTED because Darden is simply the foreign corporate parent of GMRI, the entity over whom the Court possesses personal jurisdiction, which is not enough to confer personal jurisdiction over Darden.

**Standard**

Personal jurisdiction over a defendant represents the power of a court to enter a valid judgment imposing an obligation or duty over that defendant. *Viasystems, Inc. v. EBM Pabst St.*

*Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011) (internal quotation marks omitted). "Personal jurisdiction can be specific or general. Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Id*. at 592.

Plaintiff appears to be proceeding under a theory of specific jurisdiction. Suggestions in Opp'n at 3, ECF No. 11. "Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Viasystems*, 646 F.3d at 593. Thus, for this Court to exercise personal jurisdiction over Darden: (1) Missouri's long-arm statute must be satisfied; *and* (2) Darden must have sufficient contacts with Missouri to satisfy due process concerns. *See id.* Although similar in nature, these are separate inquiries. *Id.* at 593 n.2 (citing *Bryant v. Smith Interior Design Grp.*, 310 S.W.3d 227, 231 (Mo. 2010)).

With respect to the first requirement, Missouri's long-arm statute authorizes personal jurisdiction over defendants who transact business or commit a tort within the state. *Id.* at 593 (citing Mo. Rev. Stat. Section 506.500.01). With respect to the second requirement, due process demands there be "sufficient minimum contacts between a defendant and the forum state so that jurisdiction over a defendant with such contacts may not offend traditional notions of fair play and substantial justice." *Aly v. Hanzada for Import & Export Co.*, 864 F.3d 844, 849 (8th Cir. 2017) (citations and internal quotation marks omitted). That is, "[a] defendant's contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820-21 (8th

Cir. 2014) (citing *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980)). "Sufficient minimum contacts requires some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id*. at 821 (citation and internal quotation marks omitted). In assessing a defendant's minimum contacts with the forum, courts in the Eighth Circuit consider five factors: (i) the nature and quality of the contacts, (ii) the quantity of the contacts, (iii) the relationship of the cause of action to the contacts, (iv) the interest of the forum state in providing a forum to its residents, and (v) the convenience to the parties. *Hanzada*, 864 F.3d at 849. Courts give "significant weight to the first three factors." *Id*.

To defeat a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making a prima facie showing that the court possesses personal jurisdiction over the defendant. *Kaliannan v. Liang*, 2 F.4th 727, 733 (8th Cir. 2021). "The evidentiary showing required at the prima facie stage is minimal." *Bros. and Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 951 (8th Cir. 2022). The plaintiff must show facts sufficient to support a reasonable inference that the defendant is subject to personal jurisdiction in the state. *See id*. In making this determination, a court considers not only the pleadings, but also affidavits and exhibits. *Pederson v. Frost*, 951 F.3d 977, 979 (8th Cir. 2020). The court views the facts in the light most favorable to the nonmoving party and resolves all factual conflicts in favor of the nonmoving party. *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).

**Factual and Procedural Background**

For purposes of resolving the pending motions, the Court finds the facts to be as follows. Defendant GMRI operates the LongHorn steakhouse restaurant in Kansas City, Missouri, where Plaintiff alleges she experienced sexual harassment and retaliation.

Defendant Darden is GMRI, Inc.'s corporate parent.  Darden is a Florida corporation with its principal place of business in Florida.  Darden is not registered to do business in Missouri and does not have a registered agent in Missouri.  Darden does not manage or operate any LongHorn restaurants, and Darden did not employ Plaintiff or any other individual who work at the LongHorn restaurant at issue.

While working at this restaurant, Plaintiff signed a Darden Employee Handbook, she was given a Darden Credit Union pay card, and she signed in and was able to check her work schedule using a Darden computer application ("app").

## Discussion

Darden contends this Court lacks personal jurisdiction over it because it is a parent corporation with no meaningful contacts with the forum.  In response, Plaintiff does not identify a specific basis for the Court's allegedly possession personal jurisdiction over Darden (that is, whether Darden transacts business in Missouri, committed a tort in Missouri, or both); she argues Darden is acting in a more direct manner than the typical out-of-state parent with a local subsidiary.  Alternately, Plaintiff argues she should be allowed to conduct jurisdictional discovery to determine whether there is personal jurisdiction.

Plaintiff's arguments are unavailing.  Personal jurisdiction over a nonresident defendant based on the activities of an in-state subsidiary is established "only if the parent so controlled and dominated the affairs of the subsidiary that the latter's corporate existence was disregarded so as to cause the residential corporation to act as the nonresidential corporate defendant's alter ego." *Viasystems*, 646 F.3d at 596 (internal quotation omitted).  The activities Plaintiff points to here—supplying a Darden branded employee handbook and a Darden Credit Union pay card, and requiring Plaintiff to check her work schedule using a Darden branded app—are insufficient to

4

Case 5:24-cv-06094-DGK   Document 22   Filed 10/30/24   Page 4 of 6

establish personal jurisdiction. *See, e.g., R & K Lombard Pharm. Corp. v. Medicine Shoppe Int'l, Inc.*, No. 4:07-CV-288 (CEJ), 2008 WL 648509, at *5 (E.D. Mo. Mar. 5, 2008) (holding using the out-of-state parent company's name on business cards and in online employment listings is insufficient to establish specific personal jurisdiction). Darden never targeted Missouri residents through these actions; Darden's contacts with Missouri are simply those of a parent corporation dispensing general information nationwide, which is not enough. *See State ex rel. PPG Indus., Inc. v. McShane*, 560 S.W.3d 888, 892 (Mo. 2018) (holding defendant's website which published general information equally accessible to Missouri residents and the residents of forty-nine other states was not sufficient to establish specific personal jurisdiction); *State ex rel. Cedar Crest Apartments, LLC v. Grate*, 577 S.W.3d 490, 495 (Mo. 2019) (declining to exercise personal jurisdiction over foreign corporate parent based on subsidiary's forum-state contacts, noting "contacts with Missouri must be sufficient to create general or specific jurisdiction on their own.") Darden would have no reason to anticipate being haled into court in Missouri based on these activities.

Applying the Eighth Circuit's five factor test confirms this result. The first factor, the nature and quality of the contacts, weigh against personal jurisdiction. Darden does not manage or operate LongHorn restaurants, including the one where Plaintiff worked, nor did Darden employ Plaintiff or any of the other individuals who worked at the restaurant at issue. This is consistent with the fact that Darden is not registered to do business in Missouri. The only contacts Darden had with Missouri are de minimis and are not unique to Missouri. The second factor, the quantity of the contacts, also weighs against personal jurisdiction, because there are almost no contacts. The third factor also counsels against personal jurisdiction because there is no relationship between Darden's contacts with Missouri and the cause of action. The contacts

here are signing a handbook with the Darden logo, receiving a debit card with a Darden logo on it, and viewing a work schedule via a Darden app. Plaintiff's cause of action is sexual harassment and retaliation. There is no meaningful relationship between these things. For example, while Plaintiff viewed her work schedule on a Darden provided app, the app had nothing to do with the alleged harassment and retaliation. The app was not a source or instrument of harassment, nor did it play a role in altering Plaintiff's work conditions.

Granted, parts four and five of the five factor test—the interest of the forum state in providing a forum to its residents and the convenience of the parties—count in favor of finding personal jurisdiction. But the first three factors receive greater weight in the analysis, and they all weigh against personal jurisdiction.

The Court denies Plaintiff's alternate request to allow her to conduct jurisdictional discovery because Plaintiff has failed to explain why the Court should do so and failed to identify any legal authority supporting such a request.[1]

## Conclusion

For the reasons discussed above, Darden's motion to dismiss for lack of personal jurisdiction is GRANTED. Darden is dismissed without prejudice.

**IT IS SO ORDERED.**

Date:  October 30, 2024                   /s/ Greg Kays
                                          GREG KAYS, JUDGE
                                          UNITED STATES DISTRICT COURT

---

[1] Plaintiff's entire argument on this point is, "Plaintiff should at a minimum be entitled to discovery to determine whether Darden has sufficient contacts within the State of Missouri." Suggestions in Opp'n at 1. This is insufficient. "It is not the court's responsibility to research the law and construct the parties' arguments for them." *Economy Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008); *see* Fed. R. Civ. P. 7(b)(1)(B) (requiring movants to "state with particularity the grounds for seeking the order"); *see also* Initial Standing Order, ECF No. 2 at 3–4.